# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

WALLACE A. GARDNER,
ADC #110784                                                                                          PLAINTIFF

V.                                      5:13CV00353 BSM/JTR

SONYA DAVIS-PEPPERS; Doctor; and
MARVIN LAMAR HUGHEY; Director of Nursing,
Maximum Security Unit, ADC                                                                       DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States Chief District Judge Brian S. Miller. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Plaintiff, Wallace A. Gardner, is a prisoner in the Varner Super Max Unit of the Arkansas Department of Correction ("ADC"). He has filed this *pro se* §1983 action alleging that, while he was in the Tucker Maximum Security Unit, Defendants Dr. Sonya Peppers-Davis and Director of Nursing Marvin Lamar Hughey failed to provide him with constitutionally adequate medical care for an infection on his penis. *Doc. 2.* Defendants have filed a Motion for Summary Judgment, and Plaintiff has filed a Response. *Docs. 43, 44, 45, 49, & 50.*

The Court recommends that Defendants' Motion for Summary Judgment be granted, and that this case be dismissed, with prejudice.[1]

## II. Facts

The relevant undisputed facts contained in the record, viewed in the light most favorable to Plaintiff, are as follows:

1. On July 9, 2013, Plaintiff appeared in the infirmary at the Tucker Maximum Security Unit. He complained of an infection on his penis. Defendant Dr.

---

[1]Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

Peppers-Davis diagnosed Plaintiff with a fungal infection, which she treated with antifungal and antibacterial creams. *Doc. 45, Ex. A at 4.*

2.  On August 6, 2013, Plaintiff returned to the infirmary seeking treatment for bumps on his penis. Defendant Dr. Peppers-Davis determined that the fungal infection on Plaintiff's penis had healed and that the remaining "pearly papules" were benign lesions that did not require any further treatment. *Id. at 5.* Sometime during that examination, Defendant Hughey entered the room and agreed with Defendant Dr. Peppers-Davis's diagnosis. *Doc. 50 at 6 & 22.*

3.  On December 10, 2013, Plaintiff returned to the infirmary seeking treatment for bumps on his penis. Defendant Dr. Peppers-Davis again explained to Plaintiff that the bumps were benign growths that did not require any medical treatment. Plaintiff, *who did not claim that the lesions were causing him any discomfort*, requested a surgical evaluation because "he feels like he shouldn't have to live with looking at these penial lesions on a daily basis." *Doc. 45, Ex. A at 6.* Defendant Peppers-Davis determined that a surgical consult was not medically necessary. *Id.*

4.  In her sworn declaration, Defendant Dr. Peppers-Davis states that her successful treatment of Plaintiff's fungal infection and subsequent determination that no further medical treatment was necessary for his benign papules were "appropriate

and satisfactory" medical treatment decisions that were "consistent with sound medical practices." *Id.* at 3.

### III. Discussion

Plaintiff alleges that Defendants Peppers-Davis and Hughey failed to provide him with constitutionally adequate medical care for an infection on his penis. To prevail on that claim, Plaintiff must prove that: (1) he had objectively serious medical needs; and (2) Defendant subjectively knew of, but deliberately disregarded, those serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97 (1976); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

The parties agree that the fungal infection on Plaintiff's penis constituted an objectively serious medical need. Thus, the relevant inquiry is whether Defendants Peppers-Davis and Hughey were deliberately indifferent to Plaintiff's need for treatment for that medical condition. As to the second factor, it is well settled that negligence, gross negligence, or a mere disagreement with the course of medical care does not constitute deliberate indifference. *Langford,* 614 F.3d at 460. Instead, deliberate indifference "requires proof of a reckless disregard of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001). In other words, "there must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to

callousness." *Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998).

Nothing in the record suggests that either Defendants Davis-Peppers or Hughey were deliberately indifferent when they treated Plaintiff's fungal infection. Instead, the *undisputed medical evidence* demonstrates that Dr. Davis-Peppers successfully treated the fungal infection with topical creams. Plaintiff has failed to come forward with *any medical evidence* suggesting that Defendants were deliberately indifferent when they determined, in their professional medical judgment, that the fungal infection had been cured and that no further medical treatment was necessary for the remaining benign papules on his penis. *See Langford,* 614 F.3d at 460 (holding that a prisoner's disagreement with a medical provider's treatment decisions does not rise to the level of a constitutional violation); *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (holding that: "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment"). Thus, Defendants are entitled to summary judgment, and this case should be dismissed, with prejudice.

### IV.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.    Defendants' Motion for Summary Judgment *(Doc. 43)* be GRANTED,

and that this case be DISMISSED, WITH PREJUDICE.

    2.    The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 28th day of May, 2015.

                                               /s/ J. Thomas Ray
                                       UNITED STATES MAGISTRATE JUDGE